UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ROBERT JAMES SWINT,

      Plaintiff,

      v.

DONALD TRUMP, et al.,

      Defendants.

No.  2:26-cv-1135 AC P

ORDER AND FINDINGS AND
RECOMMENDATIONS

Plaintiff is a county inmate in Oregon who filed this action without a lawyer.

I.      Application to Proceed In Forma Pauperis

Plaintiff has not filed an application for leave to proceed in forma pauperis.  However, because it is clear from the face of the complaint that it is without merit, rather than require plaintiff to submit an application, the court will instead recommend summary dismissal of the complaint without leave to amend for failure to state a claim.  See Tripati v. First Nat'l Bank & Tr., 821 F.2d 1368, 1370 (9th Cir. 1987) ("A district court may deny leave to proceed in forma pauperis at the outset if it appears from the face of the proposed complaint that the action is frivolous or without merit.").

II.     Statutory Screening of Prisoner Complaints

The court is required to screen complaints brought by prisoners seeking relief against "a governmental entity or officer or employee of a governmental entity."  28 U.S.C. § 1915A(a).  A

1

claim "is [legally] frivolous where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989).  The court may dismiss a claim as frivolous if it is based on an indisputably meritless legal theory or factual contentions that are baseless.  Id. at 327.  The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis.  Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989), superseded by statute on other grounds as stated in Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000).

In order to avoid dismissal for failure to state a claim a complaint must contain more than "naked assertion[s]," "labels and conclusions," or "a formulaic recitation of the elements of a cause of action."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 557 (2007).  In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).  A claim upon which the court can grant relief has facial plausibility.  Twombly, 550 U.S. at 570.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Iqbal, 556 U.S. at 678 (citation omitted).  When considering whether a complaint states a claim, the court must accept the allegations as true, Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam), and construe the complaint in the light most favorable to the plaintiff, Jenkins v. McKeithen, 395 U.S. 411, 421 (1969) (citations omitted).

III.    Complaint

The putative complaint is unintelligible.  ECF No. 1.  There is no clearly identifiable incident that forms the basis of the complaint or causes of action asserted.  Instead, the sentences in the complaint read like directions to an unspecified location.

The complaint does not contain facts that indicate any basis for federal jurisdiction or that support any cognizable legal claim against any defendant.  The undersigned finds that the complaint consists entirely of fanciful and nonsensical sentences with no basis in law and no plausible supporting facts.  Accordingly, the complaint cannot support relief and must be dismissed.  See Neitzke, 490 U.S. at 327 ("if as a matter of law 'it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations,' a claim must

be dismissed" (citation omitted)); Twombly, 550 U.S. at 570 (a complaint must include "enough facts to state a claim to relief that is plausible on its face").

IV.     No Leave to Amend

Leave to amend should be granted if it appears possible that the defects in the complaint could be corrected, especially if a plaintiff is pro se.  Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000) (en banc).  However, if, after careful consideration, it is clear that a complaint cannot be cured by amendment, the court may dismiss without leave to amend.  Cato v. United States, 70 F.3d 1103, 1105-06 (9th Cir. 1995).

The undersigned finds that, as set forth above, both the complaint fails to state a claim upon which relief may be granted.  The contents of the complaint are sufficiently nonsensical that it is clear that leave to amend would not result in a cognizable claim.  As a result, leave to amend would be futile and the complaint should be dismissed without leave to amend.

V.     Plain Language Summary of this Order for a Pro Se Litigant

It is being recommended that your complaint be dismissed without leave to amend because your allegations do not state any claims for relief and it does not appear the problems can be fixed.

CONCLUSION

Accordingly, IT IS HEREBY ORDERED that the Clerk of the Court shall randomly assign a United States District Judge to this action.

IT IS FURTHER RECOMMENDED that the complaint be dismissed without leave to amend for failure to state a claim.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty-one days after being served with these findings and recommendations, plaintiff may file written objections with the court.  Such a document should be captioned "Objections to Magistrate Judges Findings

////

////

////

3

and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED: April 6, 2026

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE